IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JOSIE TAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-2812-STA-tmp |
| | ) | |
| HARRAH'S TUNICA CORPORATION, | ) | |
| INC.; HARRAH'S ENTERTAINMENT, | ) | |
| INC.; GRAND CASINOS, INC.; | ) | |
| HARRAH'S OPERATING COMPANY, | ) | |
| INC.; and BL DEVELOPMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GEORGIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-2813-STA-cgc |
| | ) | |
| HARRAH'S TUNICA CORPORATION, | ) | |
| INC.; HARRAH'S ENTERTAINMENT, | ) | |
| INC.; GRAND CASINOS, INC.; | ) | |
| HARRAH'S OPERATING COMPANY, | ) | |
| INC.; and BL DEVELOPMENT | ) | |
| CORPORATION, | ) | |

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND EXPENSES**

Before the Court is Defendants' Motion for Attorney's Fees and Expenses (D.E. # 145), filed on November 14, 2011. Plaintiffs filed a Response (D.E. # 153) on December 19, 2011. For the following reasons, Defendants' Motion is **DENIED**.

**BACKGROUND**

Plaintiffs Josie Tam ("Tam") and Georgia Williams ("Williams") (collectively "Plaintiffs") brought claims of age discrimination under the Age Discrimination in Employment Act ("ADEA") against Defendants Harrah's Entertainment, Inc. and Harrah's Operating Company (collectively "Defendants") on November 24, 2008. (D.E. # 1.)[1] Additionally, Tam alleged unlawful discrimination on the basis of her national origin and retaliation for participating in a protected activity, both in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (D.E. # 1.) Plaintiffs' Complaints also alleged discrimination on the basis of gender and race in violation of Title VII, but Plaintiffs voluntarily dismissed those claims at the beginning of the bench trial. (Memorandum Opinion and Order, D.E. # 143, at 2 n.1.) Judge Donald held a bench trial on July 25-26, 2010, and issued her Memorandum Opinion and Order ("the Order") finding for Defendants on all of Plaintiffs' claims on October 31, 2011. (D.E. # 143.) During the trial, Defendants noted that they intended to file a Motion for Attorney's Fees due to Plaintiffs' late dismissal of their Title VII gender and race discrimination claims.

In their Motion, Defendants argue that they are entitled to all fees incurred in this case because all of Plaintiffs' claims were meritless and without foundation. (Defs.' Mot., D.E. # 145-1, at 3.) Defendants aver that Plaintiffs should have known that they were not qualified to

---

[1] The Court will refer to dates and docket entries in 08-2812 when it cites to portions of the record in these companion cases.

hold the positions they previously held based on Defendants' "increased standards and employee expectations," thereby rendering Plaintiffs' claims meritless. (*Id.*) Tam's case was baseless because she failed, at any time in the litigation, to identify a replacement outside the protected class. (*Id.*) Similarly, Williams' case was baseless because she could not identify her replacement or establish facts to show that she was qualified. (*Id.* at 4.) Alternatively, Defendants argue that they should receive a reasonable portion of their fees and expenses because Plaintiffs voluntarily dismissed some of their claims at the beginning of the bench trial. (*Id.* at 5.) Defendants submit that Plaintiffs continued to litigate these dismissed claims after they realized that they were groundless, thereby unnecessarily requiring Defendants to prepare a defense to those claims. (*Id.*)

In response, Plaintiffs argue that they put on extensive proof of each element of their prima facie cases. (Pls.' Resp., D.E. # 153-1, at 2.) As for Tam, they argue that they presented evidence that she was replaced and that her "immediate rehiring, extensive and diverse experience in the casino industry, and excellent performance evaluations were more than sufficient to make the initial showing of qualification." (*Id.*) Thus, Plaintiffs aver that their knowledge of Defendants' legitimate non-discriminatory reason for Tam's termination did not prevent their reasonable prosecution of her claims. (*Id.*) As for Williams, Plaintiffs assert that she presented proof that she was qualified for her position and that she was replaced. (*Id.* at 3.) Plaintiffs point to Defendants' failure to cooperate during discovery and submit that "[t]his evasive, uncooperative, and unsupported work in no way deserves payment . . . under the applicable standard." (*Id.* at 3-4.)

Additionally, Plaintiffs argue that Judge Donald's plaintiff-friendly rulings in two similar cases, *Branson v. Harrah's*, No. 08-2804, and *Blayde v. Harrah's*, No. 08-2798, indicate that these Plaintiffs' claims were not frivolous.[2] All four cases involved the same defendants, nearly identical witnesses for each side, and the same claims and defenses.[3] However, as the Court addressed in its Order Denying Plaintiffs' Motion for a New Trial or, in the Alternative, to Alter and Amend Judgment (D.E. # 160), the Court will limit its review to the proceedings of *Williams* and *Tam*.

## STANDARD OF REVIEW

Title VII provides for the discretionary awarding of attorney's fees to the prevailing party.[4] The Supreme Court has recognized that attorney's fees in Title VII cases can be awarded to prevailing defendants as well as plaintiffs.[5] A prevailing defendant should only recover attorney's fees if the plaintiff's cause of action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith[, or if the plaintiff continued to litigate after it clearly became so]."[6] However, in civil rights cases awarding attorney's fees to

---

[2] (*Id.* at 3.)

[3] (*Id.*)

[4] 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter[,] the court, in its discretion, may allow the prevailing party, other than the [EEOC] or the United States, a reasonable attorney's fee . . . as part of the costs.")

[5] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978).

[6] *Riddle v. Egensperger*, 266 F.3d 542, 548 (6th Cir. 2001) (quoting *Christiansburg*, 434 U.S. at 421-22). The Third Circuit standard approved by the Supreme Court provided that fees should only be awarded where bringing the action was "unreasonable, frivolous, meritless[,] or vexatious." *Christiansburg*, 434 U.S. at 421 (quoting *Carrion v. Yeshiva Univ.*, 535 F.2d 722, 727 (3d Cir. 1976)). Notably, "meritless" cases are not those in which the plaintiff has lost; rather, they are groundless cases or those wholly lacking in

prevailing defendants under 42 U.S.C. § 1988, which have adopted the *Christiansburg* framework, the Sixth Circuit has held that defendants are not prevailing parties if they did not receive a favorable judicial determination on the merits, such as when the plaintiff voluntarily dismissed the claims against the defendants.[7] However, the Sixth Circuit has also realized that "whether a defendant who obtains a voluntary dismissal is a prevailing party for purposes of [42 U.S.C.] §[§] 1988 [and 2000e-5(k)] remains an open question in this [Circuit]."[8]

## **ANALYSIS**

The Court finds that Defendants are not entitled to an award of attorney's fees in this case. The Court finds that awarding fees to Defendants for the entire case would run counter to the concerns raised by the Supreme Court in *Christiansburg*: district courts were cautioned to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his actions must have been unreasonable or without foundation."[9] Here, although Plaintiffs did not prevail, the parties presented evidence sufficient to stretch the bench trial to two full days of testimony. As such, based on the evidence presented at trial and the high standard for awarding attorney's fees to prevailing defendants in Title VII cases, the Court finds that Plaintiffs' claims were not "frivolous, unreasonable, or without

---

foundation. *Id.*

    [7]    *Roane v. City of Mansfield*, 229 F.3d 1153, at *2 (6th Cir. 2000).

    [8]    *Wolfe v. Perry*, 412 F.3d 707, 722-23 (6th Cir. 2005).

    [9]    *Christiansburg*, 434 U.S. at 421-22 ("No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.").

foundation." Thus, the Court declines to award attorney's fees to Defendants for all of the fees and expenses incurred in *Williams* and *Tam*, and Defendants' Motion is **DENIED** in this regard.

However, Defendants also moved for a partial award of attorney's fees for the claims Plaintiffs voluntarily dismissed at the start of the bench trial. Here, although there is no doubt that Defendants prevailed on the claims that proceeded to trial, the Court hesitates to find that Defendants were the prevailing parties on the voluntarily dismissed claims. Applying Judge Clay's majority opinion in *Roane*, it would appear that Defendants are not the prevailing party and would not be entitled to attorney's fees. However, Judge Jones and Chief Judge Batchelder appeared to agree that a Rule 41(a)(2) voluntary dismissal made the defendant a prevailing party.[10] *Wolfe* and a case from the Middle District of Tennessee address this tension,[11] and the Court's research does not lead to a clear result. Thus, in the absence of clear guidance from the Sixth Circuit and based upon the entry of judgment for Defendants on all claims, the Court finds that Defendants are prevailing parties in this case. As such, they would be entitled to attorney's fees if Plaintiffs gender and race discrimination claims were frivolous.[12]

But the Court finds that Plaintiffs' gender and race discrimination claims were not frivolous, without foundation, or unreasonable. Claims are not automatically frivolous because they are dismissed at the beginning of a trial. Given Defendants' change in defense tactics in the

---

[10] *Roane*, 229 F.3d at *2-6 (Jones, J., concurring, and Batchelder, C.J., dissenting).

[11] *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 838-42 (M.D. Tenn. 2004) (discussing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001), and other cases).

[12] Of course, if the Court found that Defendants were not the prevailing parties on the voluntarily dismissed claims, they would not be entitled to attorney's fees under § 2000e-5(k).

month preceding trial, their accompanying failure to supplement discovery, and the lack of summary judgment motions regarding Plaintiffs' race and gender discrimination claims, the Court finds that Plaintiffs' voluntary dismissal of those claims at the start of the trial does not entitle Defendants to attorney's fees even if Defendants are the prevailing party as to the voluntarily dismissed claims. Accordingly, Defendants' Motion is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is **DENIED**.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: July 6, 2012.